**Cary R. Cadonau**, OSB #002245
ccadonau@brownsteinrask.com
BROWNSTEIN RASK, LLP
1200 S.W. Main Street
Portland, Oregon 97205
Telephone: (503) 221-1772
Fax: (503) 221-1074
        Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

TRUSTEES OF THE U.A. UNION LOCAL NO. 290
PLUMBER, STEAMFITTER AND SHIPFITTER
INDUSTRY PENSION TRUST, TRUSTEES OF THE
PLUMBERS AND PIPEFITTERS NATIONAL
PENSION FUND, TRUSTEES OF THE U.A. UNION
LOCAL NO. 290 PLUMBER, STEAMFITTER AND
SHIPFITTER INDUSTRY HEALTH AND
WELFARE TRUST, TRUSTEES OF THE U.A.
UNION LOCAL NO. 290 PLUMBER,
STEAMFITTER AND SHIPFITTER INDUSTRY
RETIREE HEALTH TRUST, TRUSTEES OF THE
UNITED ASSOCIATION LOCAL NO. 290
APPRENTICESHIP AND JOURNEYMEN
TRAINING TRUST FUND, TRUSTEES OF THE
U.A. UNION LOCAL NO. 290 PLUMBER,
STEAMFITTER AND SHIPFITTER INDUSTRY
VACATION, SCHOLARSHIP AND
EDUCATIONAL REIMBURSEMENT TRUST,
TRUSTEES OF THE PLUMBING AND PIPING
MANAGEMENT TRUST FUND, TRUSTEES OF
THE U.A. UNION LOCAL NO. 290 PLUMBER,
STEAMFITTER AND SHIPFITTER INDUSTRY
LABOR MANAGEMENT COOPERATION TRUST,
TRUSTEES OF THE INTERNATIONAL TRAINING

Civil No. _____

**COMPLAINT** (Breach of Collective
Bargaining Agreement and Violation of
ERISA)

Page 1 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

FUND, and PLUMBERS, STEAMFITTERS AND
MARINE FITTERS LOCAL NO. 290,

        Plaintiffs,

v.

CARD PLUMBING & HEATING CO.,

        Defendant.

_____

     Plaintiffs allege:

## I

## THE PARTIES

1.     Plaintiffs are the Trustees of the U.A. Union Local No. 290 Plumber, Steamfitter

and Shipfitter Industry Pension Trust ("Local Pension Fund"), the Plumbers and Pipefitters

National Pension Fund ("National Pension Fund"), the U.A. Union Local No. 290 Plumber,

Steamfitter and Shipfitter Industry Health and Welfare Trust ("Health Fund"), the U.A. Union

Local No. 290 the U.A. Union Local No. 290 Plumber, Steamfitter & Shipfitter Industry Retiree

Health Trust ("Retiree Health Fund"), the United Association Local 290 Apprenticeship and

Journeymen Training Trust Fund ("Local Training Fund"), the U.A. Union Local No. 290

Plumber, Steamfitter and Shipfitter Industry Vacation, Scholarship and Educational

Reimbursement Trust ("VSE Fund"), the Plumbing and Piping Management Trust Fund

("Management Fund"), the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter

Industry Labor Management Cooperation Trust ("LMCT"), the International Training Fund

("ITF") (collectively, "Trust Funds") and Plumbers, Steamfitters and Marine Fitters Local No.

290 ("Union").

///     ///

Page 2 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

2.      The National Pension Fund and Local Pension Fund are "employee pension benefit plans" as that term is defined in 29 U.S.C. § 1002(2)(A) of the Employee Retirement Income Security Act of 1974, as amended (ERISA).  The Health Fund, Retiree Health Fund, Local Training Fund, ITF and VSE Fund are "employee welfare benefit plans" as that term is defined in 29 U.S.C. § 1002(1) of ERISA.  Numerous employers pay fringe benefits to the National Pension Fund, Local Pension Fund, Health Fund, Retiree Health Fund, Local Training Fund, VSE Fund and ITF, and these funds are "multiemployer plans" as that term is defined in 29 U.S.C. § 1002(37)(A) of ERISA.  The Trustees of the National Pension Fund, Local Pension Fund, Health Fund, Retiree Health Fund, Local Training Fund, VSE Fund and ITF have discretionary authority to control and manage these funds and are "fiduciaries" of the Trust Funds as that term is defined in 29 U.S.C. §1002(21)(A) of ERISA.

3.      The Management Fund is a trust fund created pursuant to a Trust Agreement and is governed by a board of trustees.  Employers such as defendant who are signatory to or bound by collective bargaining agreements with the Union are required to make monetary contributions to the Management Fund which are used to promote and provide support services to the plumbing and pipefitting industries in Oregon, southwest Washington and northern California.

4.      The LMCT is a trust fund created pursuant to a Trust Agreement and is governed by a board of trustees.  Employers such as defendant who are signatory to or bound by collective bargaining agreements with the Union make monetary contributions to the LMCT which are used to operate a labor-management cooperation committee consistent with the requirements of 29 U.S.C. §175a of the Labor-Management Relations Act ("LMRA").

///      ///

///      ///

Page 3 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

5.      The Union is a labor organization with its principal office and place of business in Washington County, Oregon.

6.      Defendant is an Oregon corporation.  At all times material to this proceeding (July 2017, to date), defendant has been an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA and has been engaged in an "industry or activity affecting commerce" as that term is defined in  29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

## II

## JURISDICTION

7.      The Court has jurisdiction over all Claims for Relief brought by the Trustees of the National Pension Fund, Local Pension Fund, Health Fund, Retiree Health Fund, Local Training Fund, VSE Fund, LMCT and ITF against defendant for violation of 29 U.S.C. §§ 1132 (a)(3) and 1145 of ERISA pursuant to the provisions of 29 U.S.C. § 1132(e)(1) of ERISA.

8.      At all times material to this proceeding (July 2017, to date), a written collective bargaining agreement existed between the Union and defendant.  The collective bargaining agreement covers employees in an industry affecting commerce, and the activities of defendant affect commerce.  The Court has jurisdiction over all Claims for Relief brought by each plaintiff against defendant pursuant to the provisions of 29 U.S.C. § 185(a) of the LMRA.

## III

## JOINDER

9.      The obligations of defendant to plaintiffs arise out of the same collective bargaining agreement.  Common questions of law and fact govern the claims that each plaintiff has against defendant.

Page 4 – **COMPLAINT**

## VI

## <u>FIRST CLAIM FOR RELIEF</u>

10.     At all times material to this proceeding (July 2017, to date), defendant has been bound by a written collective bargaining agreement with the Union.  Under the terms of the collective bargaining agreement, defendant agreed to be bound by the terms and conditions of the Trust Agreements that created the Trust Funds.  Defendant further agreed to pay fringe benefit contributions on behalf of its employees who performed work covered by the collective bargaining agreement to the Trustees of the Trust Funds, and to remit union dues to the Union. Defendant further agreed to file its monthly remittance report forms and to pay its monthly fringe benefit contributions and union dues to plaintiffs by the due date.

11.     The Trust Agreements that created the Trust Funds provide that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for the delinquent fringe benefit contributions, interest on the delinquent or late paid fringe benefit contributions from the date each contribution became due until paid, and liquidated damages.  For all Trust Funds, interest is calculated at 12% per annum from the due date, until paid, and liquidated damages are assessed at 10% of the delinquent or late paid contributions, or $10 per month, whichever is greater.

12.     The collective bargaining agreement between the Union and defendant provides that the Union is entitled to recover the delinquent union dues, interest on the delinquent or late paid union dues from the date each payment became due until paid at the rate of nine percent per annum, and liquidated damages in an amount equal to 10% of the delinquent or late paid union dues.

///        ///

Page 5 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel  |  503.221.1074 fax

13.     Defendant has not filed its May 2019 through July 2019 remittance report forms nor paid its required fringe benefit contributions and union dues for those months. The time for doing so has expired. Defendant should be required to file said remittance report forms, together with all remittance reports that become due throughout the pendency of this lawsuit, pay all delinquent fringe benefit contributions and union dues that are owed to these plaintiffs based on the information contained therein, pay interest on the delinquent fringe benefit contributions and union dues from the date each payment became due, until paid, and pay liquidated damages on the delinquent fringe benefit contributions and union dues.

14.     The Trust Agreements that created the Trust Funds provide that, in the event an employer fails to pay fringe benefit contributions and legal proceedings are instituted, the Trustees of the Trust Funds are entitled to its reasonable attorney fees.  The Trustees of the Trust Funds are entitled to recover its reasonable attorney fees from defendant.

15.     The Trustees of the National Pension Fund, Local Pension Fund, Health Fund, Retiree Health Fund, Local Training Fund, VSE Fund, LMCT and ITF are entitled to recover their reasonable attorney fees pursuant to the provisions of 29 U.S.C. §1132(g)(2)(D) of ERISA.

16.     The collective bargaining agreement between the Union and defendant provides that, in the event legal proceedings are instituted to recover delinquent union dues, the Union is entitled to recover its reasonable attorney fees.  Based on the provisions of the collective bargaining agreement, the Union is entitled to recover its reasonable attorney fees from defendant.

///        ///

///        ///

///        ///

Page 6 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

**VII**

**SECOND CLAIM FOR RELIEF**

17.      The Trustees of the ITF hereby reallege and incorporate paragraphs 1 through 16 of their complaint as though fully set forth herein.

18.      Defendant has failed to pay its fringe benefit contributions owed to the ITF for November 2017 through May 2018, and the time for so doing has expired. As a result, Defendant owes the following amounts to the ITF: $219.29 in fringe benefit contributions, $43.86 in liquidated damages, and $37.73 in interest as of August 31, 2019, with interest continuing to accrue on the sum of the unpaid fringe benefit contributions owed to the ITF ($219.29) at the rate of 12% per annum from September 1, 2019, through entry of judgment.

19.      The ITF is entitled to recover from defendant its reasonable attorney fees pursuant to the Trust Agreement that created the ITF, and pursuant to the provisions of 29 U.S.C. §1132(g)(2)(D) of ERISA.

**VII**

**THIRD CLAIM FOR RELIEF**

20.      Plaintiffs hereby reallege and incorporate paragraphs 1 through 19  of their complaint as though fully set forth herein.

21.      Defendant failed to timely pay certain fringe benefit contributions and union dues for the months of July 2017 and November 2018. As a result, defendant owes $1,659.73 in interest and liquidated damages to all plaintiffs (except the National Pension Fund and ITF).

22.      Plaintiffs are entitled to recover their reasonable attorney fees from defendant pursuant to the provisions of the Trust Agreements and collective bargaining agreement.

///      ///

Page 7 – **COMPLAINT**

WHEREFORE, plaintiffs pray for a decree and judgment against defendant as follows:

1.      On the **First Claim for Relief**, requiring defendant to file its May 2019 through July 2019 remittance report forms, together with all remittance reports that become due throughout the pendency of this lawsuit, pay all delinquent fringe benefit contributions and union dues that are owed to plaintiffs based on the information contained therein, pay interest on the delinquent fringe benefit contributions and union dues from the date each payment became due until paid, and pay liquidated damages on the delinquent fringe benefit contributions and union dues

2.      On the **Second Claim for Relief**, requiring defendant to pay the following amounts to the Trustees of the ITF: $219.29 in fringe benefit contributions, $43.86 in liquidated damages, and $37.73 in interest as of August 31, 2019, with interest continuing to accrue on the sum of the unpaid fringe benefit contributions owed to the ITF ($219.29) at the rate of 12% per annum from September 1, 2019, through entry of judgment;

3.      On the **Third Claim for Relief**, requiring defendant to pay $1,659.73 in interest and liquidated damages to all plaintiffs (except the National Pension Fund and ITF);

4.      Providing that plaintiffs shall retain the right to conduct a future payroll examination of defendant's books and records in order to ensure that all required fringe benefit contributions and union dues have been paid; and further, in the event such future payroll examination reveals that delinquent fringe benefit contributions and/or dues are owed, providing that plaintiffs shall have the right to institute legal proceedings against defendant to recover the delinquent fringe benefit contributions and/or union dues found due and owing pursuant to the payroll examination report, together with liquidated damages, interest, payroll examination fees, attorney fees and court costs;

Page 8 – **COMPLAINT**

5.    Requiring defendant to pay plaintiffs' reasonable attorney fees;

6.    Requiring defendant to pay plaintiffs' costs and disbursements incurred herein;

and

7.    For such further equitable relief as the Court deems just and proper.

DATED this 6th day of September 2019.

BROWNSTEIN RASK, LLP


/s/ Cary R. Cadonau
Cary R. Cadonau, OSB #002245
Attorney for Plaintiffs

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax